[Civ. No. 8268. First Appellate District, Division One.—March 2, 1932.]

KAVANAUGH MILLER, Appellant, v. J. H. TURNER et al., Respondents.

Louis, Quillian & Pool for Appellant.

Hoye & Boehler for Respondents.

KNIGHT, J.—Claiming to be a creditor of the respondent corporation, appellant sought by this suit to enjoin the execution of a money judgment theretofore obtained against said corporation by the respondent Turner. The trial court sustained a demurrer to the complaint and dissolved a restraining order previously issued. Appellant declined to amend the complaint, and judgment was entered in favor of respondents, from which the appeal herein was taken.

According to the allegations of the complaint, the judgment mentioned was rendered in the superior court in favor of Turner for the payment of the sum of $2,500 and interest, and was based upon a written contract entered into between said corporation and Turner, a copy of which was attached to and made part of the complaint herein. It appears therefrom that in consideration of the employment of Turner by said corporation, as manager of one of its branch hospitals, Turner purchased from the corporation 2,500 shares of its stock for which he paid $2,500, subject to the express understanding, however, that at the expiration of three months after the date of the contract either party might terminate the employment, in which event the corporation would repurchase the stock at the same price, plus interest.

The single ground alleged in the complaint in support of the application for the injunctive relief against the enforcement of the judgment was that if a writ of execution were issued pursuant thereto and levied against the property of the corporation "plaintiff herein will suffer on account thereof great and irreparable damage in that he will not be able to collect all or any part of the money or moneys due him" from said corporation.

It is doubtless the law that where a debtor has by fraud and collusion permitted a judgment to be obtained against him for the purpose of defrauding his creditors, the latter may obtain relief against it in equity (15 Cal. Jur.

31); ██ also that under certain circumstances a creditor may maintain a suit to subject the assets of the corporation to the payment of his debts and those of other creditors, provided he has first reduced his claim to judgment. (*Nielson v. Gillespie,* 97 Cal. App. 319 [275 Pac. 500].) ██ But in the present case it is nowhere alleged in the complaint, directly or by implication, that either the judgment or the contract was fraudulently obtained or for any other reason is void; nor, in his complaint, does appellant ask that either be so declared or be set aside upon that or any other ground. And aside from the fact, it appearing from the complaint that appellant had not reduced his demand against the corporation to a judgment, the complaint contained no averments to bring the case within the class of actions exemplified by *Nielson* v. *Gillespie, supra.* Therefore, it is plain to be seen that the complaint wholly failed to state a cause of action under either of the foregoing theories; and we have been cited to no authority whatever holding even inferentially that the ground upon which appellant sought to have the trial court enjoin the enforcement of said judgment is sufficient to warrant the exercise of equitable interposition.

██ Notwithstanding that the complaint contains no allegations assailing the validity of the Turner judgment, appellant proceeds in his brief to demonstrate that the contract upon which the judgment is based was in effect one whereby the corporation agreed to repurchase its own stock; and he has cited several authorities from this and other jurisdictions to support the contention which he advances that such a contract is unenforceable against the corporation. It is evident, however, that as long as said judgment remains in full force and effect it constitutes a final and conclusive adjudication of all questions relating to the validity of said contract.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.